**CLD-178**                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4047
_____

JOSEPH BREELAND,
                                                            Appellant

v.

DEBRA WAPPLES; BRAD WAPPLES, SR.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5:12-cv-00898)
District Judge:  Honorable James Knoll Gardner

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2014

Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 21, 2014)
_____

OPINION
_____

PER CURIAM

     Joseph Breeland appeals pro se from the District Court's dismissal of his amended

complaint filed pursuant to 42 U.S.C. § 1983.  For the reasons that follow, we will

summarily affirm.

I.

In 2012, Breeland filed a complaint in the District Court against his former foster parents, Debra Wapples and Brad Wapples, Sr. ("the Wapples"). The complaint alleged that, during the time that Breeland lived in the Wapples' Pennsylvania home, they sexually, physically, and mentally abused him in violation of his rights under the United States Constitution and Pennsylvania law. Upon screening the complaint, the District Court directed Breeland to file an amended complaint that provided more information about "(1) the Mentor of Lehigh Valley program [(the alleged program through which Breeland was placed in the Wapples' home)], (2) the process that led to his placement in the home of the [Wapples], and (3) how his counselor [(to whom the complaint referred)] was involved in his case." (Dist. Ct. Order entered Mar. 27, 2012, at 2.)

Several months later, Breeland filed an amended complaint against the Wapples. This new pleading sought relief under § 1983 (but not under state law), alleging that the Wapples had subjected him to cruel and unusual punishment in violation of the Eighth Amendment. In light of these allegations, Breeland sought damages, as well as declaratory and injunctive relief.

The Wapples subsequently moved to dismiss Breeland's amended complaint for failure to state a claim upon which relief can be granted. On September 24, 2013, the District Court granted that motion and dismissed the amended complaint without further leave to amend. The District Court explained that, "[i]n order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that he was deprived of a federal constitutional or

2

statutory right by a state actor." (Dist. Ct. Order entered Sept. 24, 2013, at 3 n.1 (citing Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169-70 (3d Cir. 2004)).) The court went on to conclude that, in light of this Court's decision in Leshko v. Servis, 423 F.3d 337, 347 (3d Cir. 2005), where we held that "foster parents in Pennsylvania are not state actors for purposes of liability under § 1983," Breeland could not state a claim for relief against the Wapples under § 1983.

Breeland now appeals from the District Court's dismissal of his amended complaint.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant the Wapples' motion to dismiss, see Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013), and we review the court's decision not to afford Breeland further leave to amend for abuse of discretion, see id. at 217. In reviewing a district court's dismissal for failure to state a claim, "we must accept all factual allegations as true, construe the [amended] complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the [amended] complaint, the plaintiff may be entitled to relief." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (internal quotation marks omitted).

Having carefully considered Breeland's arguments in support of his appeal, and for the reasons given by the District Court, we agree with the court's decision to dismiss

3

his amended complaint without affording him further leave to amend.[1]  We note that our decision here does not prevent Breeland from pursuing, in the proper forum, any state law claims that he may have raised in his original complaint but did not reallege in his amended complaint.  We take no position on his likelihood of prevailing on any such claims.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's September 24, 2013 order.  See 3d Cir. I.O.P. 10.6.

---

[1] Breeland's amended complaint alleged that Debra Wapples is "employed" through Mentor of Lehigh Valley ("Mentor").  In his opposition to the Wapples' motion to dismiss, he alleged that the Wapples "are citizens, [p]rivate, independently contracted by Mentor," and "[p]rivate employee[s] of Mentor's agency."  Finally, Breeland's "Brief in Argument to Appeal" alleges that the Wapples "work" for Mentor.  We presume that the Wapples' alleged affiliation with Mentor was/is simply in their role as foster parents.  But even if Breeland intended these allegations to refer to some additional link between the Wapples and Mentor, and even if we were to attempt to make sense of Breeland's allegation that Mentor "is a [p]rivately state owned/operated agency," there would still be no reason to disturb the District Court's decision because there is no indication that Breeland can allege facts demonstrating that there was "'such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'"  Leshko, 423 F.3d at 339 (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001)).